UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 2:00-CR-71-TLS |
| DARRELL TURNER | 2:20-CV-330-TLS |

**OPINION AND ORDER**

This matter is before the Court on several pending motions, including a Section 2255 motion to vacate [ECF No. 59] and supplemental brief [ECF No. 91] in which the Defendant Darrell Turner seeks relief from his conviction and sentence. The Defendant pled guilty to possession of a firearm while a fugitive from justice, in violation of 18 U.S.C. § 922(g)(2), *see* ECF No. 36 at ¶ 9(a), for which the Court sentenced him to twelve months and one day in prison, followed by three years of supervised release, *see* ECF No. 38. The Defendant is currently serving his sentence for a subsequent set of crimes, a sentence which is longer because of the Defendant's conviction and sentence in this case. Cause No. 3:03-CR-22-2-RLM, ECF No. 105 at 8–9. The Defendant now moves, under 28 U.S.C. § 2255, to vacate his conviction and sentence in this case based on the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). For the reasons set forth below, the Court grants the Defendant's motion to vacate his conviction and sentence. The Defendant has also filed a series of other motions related to and in support of his motion to vacate. *See* ECF Nos. 62–63, 68, 76, 108, 110–17, 124–25, 130, 135–38, 141. The Court addresses those below.

**FACTUAL BACKGROUND**

On August 30, 1995, the Defendant was arrested in South Carolina on charges of domestic violence. *See* ECF No. 129-4 at 1. In a declaration submitted with his § 2255 motion,

he states that he informed his lawyer in the instant federal criminal case that, at the time he was arrested, he lived in Hammond, Indiana, and was "just passing through S. Carolina and checking up on [his] daughter when [he] was arrested." ECF No. 59-1 at 2; *see also* ECF No. 129-6 at 4 ("TURNER stated he drove back to South Carolina to get his daughter back and was arrested for outstanding warrants."). The Defendant bonded out of jail, but before he did so he was told to appear in court on September 26, 1995, to answer for the domestic violence charges. *See* ECF No. 120 at ¶ 11.

The Defendant failed to appear at his September 26 hearing. *See id.*; ECF No. 129-2 at 2; ECF 129-7 at 83, ¶ 8. He had left for Indiana, where he had been enrolled at South Suburban College until August 31, 1995. *See* ECF No. 59-1 at ¶¶ 3, 8; ECF No. 134 at 33. In the Defendant's declaration, he states that he told his attorney he "didn't leave S. Carolina until" his then-wife "assured [him] that she nor her 'boyfriend' [were] interested in pressing charges on [him]. They simply wanted to be left alone." ECF No. 59-1 at 2, ¶ 6. He states that he told his attorney his wife "had pulled an identical stunt in Calumet City a couple years prior: (call police and give false report that [he] pushed her, [he] get[s] arrested and bond[s] out, neither of [them] go to court, and the charges are thrown out)." *Id.* at 3, ¶ 7.[1] He also states that he told his attorney "that after receiving assurances that neither of us would pursue charges, I returned home 2 days after released. I returned to my job and went on with my life." *Id.* at 3, ¶ 8. In the Defendant's absence, the South Carolina court convicted him of the domestic violence charges and issued a bench warrant for his arrest. *See* ECF No. 129-2 at 3–4.

The Defendant's sealed Presentence Investigation Report shows that between the Defendant's September 26, 1995 conviction in South Carolina and March 21, 2000, he was

---

[1] This is consistent with the Defendant's criminal history as supported by his Presentence Investigation Report, which remains under seal. *See* ECF No. 120.

arrested in either Indiana or Illinois on four separate occasions. On one of those occasions, dated January 13, 2000, the Defendant was arrested for possessing a handgun with a tampered ID. *See* ECF No. 134 at 25–27. On January 14, 2000, following his arrest, he gave a statement to Hammond Police Officers. *See id.* The Defendant waived his Miranda rights. *Id.* at 25.

During the interview, the Defendant told police that "he believe[d] it was Tuesday night (January 11, 2000) he was car jacked" and that "he filed a police report on the incident with the Calumet City Police Department." *Id.* at 26, ¶ 5. He stated that he went to the Calumet City Police Department on January 13, 2000, to speak with detectives regarding that case. *Id.* at 26–27, ¶ 6. He stated that he returned to his apartment just as the Hammond Police Department raided it. *Id.* at 27, ¶ 6. He stated that "a Hammond Officer asked who is the owner of the Tec-9 firearm and . . . he raised his hand and stated [it] belong[ed] to him." *Id.* He told the police that "the Hammond Police Department [officers] that raided his apartment did not find his Hi-Point pistol." *Id.* at 26, ¶ 3. He also told them "he ha[d] never been convicted on any domestic battery charges," and that if he had been, it was "without being present." *Id.* at 27, ¶ 8. The Defendant told the police that the "judge set a court date but . . . he had nobody he could live with and nowhere to stay, so [he] left South Carolina and never came back for his court date." *Id.*

Following the Defendant's January 13, 2000 arrest, the Government obtained records from South Carolina showing that the Defendant failed to appear in court on September 26, 1995. ECF No. 129-7 at 2–4, ¶¶ 3, 8. On April 5, 2000, The U.S. Attorney's Office for the Northern District of Indiana filed a Complaint against the Defendant. ECF No. 1; ECF No. 129-7. In addition to alleging that the Defendant purchased firearms while a fugitive from justice, *see* ECF No. 129-7 at 4, the Complaint alleged that when he purchased the firearms on October 19, 1999, and November 8, 1999, he indicated on purchase forms that he had not been convicted of a

3

crime of domestic violence and that he was not a fugitive from justice, *see id.* at 2, ¶¶ 4–5. On May 19, 2000, a grand jury returned an indictment against the Defendant charging him with four offenses, including possession of a firearm while being a fugitive from justice in violation of 18 U.S.C. §§ 922(g)(2) and 924(a)(2). *See* ECF No. 2; ECF No. 129-8.

On January 16, 2001, the Defendant appeared before the Court for an arraignment and detention hearing, during which the Defendant pled not guilty and the Court ordered him detained. ECF Nos. 10, 12. On February 23, 2001, a grand jury returned a superseding indictment charging the Defendant with the original four offenses and two additional offenses. ECF No. 15. On March 9, 2001, the Defendant appeared before the Court and changed his plea to guilty. ECF No. 37. He pled guilty to one count of possessing of a firearm while a fugitive from justice, and the Court granted the Government's motion to dismiss the other five counts. *Id.*; ECF Nos. 38–39; ECF No. 129-9.

In the declaration submitted with the Defendant's § 2255 motion, the Defendant states that prior to pleading guilty, he told his counsel three times that he did not know he was a fugitive from justice. *See* ECF No. 59-1 at 2, ¶ 1. He also states he told his attorney that his wife said she did not want to press charges and that on a previous occasion charges brought by his wife had been thrown out because neither of them went to court. *Id.* at 3, ¶¶ 7–8. He states he told his attorney that after leaving South Carolina, he had been arrested several times and spent two-and-a-half years in jail, but he was never held long as a fugitive or notified of a warrant for his arrest. *Id.* at ¶¶ 9, 10. According to the Defendant's declaration, the Defendant's attorney told him it did not matter that the Defendant did not know he was a fugitive, and his attorney warned that if the Defendant went to trial, he would get a stiffer sentence than if he pled guilty. *Id.* at

¶ 11. The Defendant stated in his declaration that if not for his counsel's assurance that lack of knowledge of his fugitive status was not a defense, he would have demanded a trial. *Id.* at ¶ 12.

During the plea colloquy with Judge Rudy Lozano, who presided over the change of plea, the Defendant testified that he left South Carolina without permission of the court, and when asked, "So you were a fugitive?" he responded, "Yes." ECF No. 129-12 at 56:15–57:9. The Defendant stated that when he bonded out of jail in South Carolina, he knew of his trial date, he knew when he was supposed to return, he left knowing he was supposed to return, and no one with authority told him he did not have to return. *Id.* at 60:25–62:13. The Court accepted the plea. *See* ECF No. 129-13 at 1–2.

On June 28, 2001, the Court sentenced the Defendant to twelve months and one day of imprisonment, followed by a three-year term of supervised release. *See* ECF No. 38; ECF No. 129-13 at 3. While on supervised release, the Defendant was charged with and convicted of multiple drug-related offenses. ECF No. 129-15 at 1–2. The Defendant was convicted of those crimes in a separate criminal case and sentenced to 613 months imprisonment followed by three years of supervised release, a sentence that may not have been as long but for the Defendant's prior sentence in this case. Cause No. 3:03-CR-22, ECF No. 105 at 8–9, ECF No. 107.

On January 27, 2020, the Defendant filed the instant motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 59. He argues that in light of the United States Supreme Court's decision in *Rehaif*, his sentence is unconstitutional because the indictment against him for possession of a firearm while a fugitive from justice failed to allege that he knew he was a fugitive from justice. Specifically, the Defendant claims that the defective indictment violated his Fifth Amendment right not to be tried without an indictment presented by a grand jury, *see* ECF No. 91 at 5–6 (citing *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 802 (1989)), and

5

that the defective indictment violated his Sixth Amendment rights to notice and effective assistance of counsel because it failed to inform him "of the nature and cause of the accusation" against him, *see id.* at 5, 7 (citing U.S. Const. amend. VI).

## DISCUSSION

Under 28 U.S.C. § 2255(a), a prisoner may move the sentencing court to vacate, set aside, or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 "is available only in extraordinary situations, such as an error of constitutional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013).

The superseding indictment in this case charged the Defendant with, and the Defendant pled guilty to, possessing a firearm while a fugitive from justice in violation of 18 U.S.C. § 922(g)(2) and 924(a)(2). *See* ECF No. 15; ECF No. 36 at ¶ 9(a); ECF No. 129-9 at 2. It is unlawful, under § 922(g)(2), for "any person . . . who is a fugitive from justice" to possess any firearm or ammunition. 18 U.S.C. § 922(g)(2). At the time of the Defendant's indictment and guilty plea, the penalties for violating § 922(g) were set forth in § 924(a)(2): "Whoever knowingly violates . . . section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both." 18 U.S.C § 924(a)(2) (1998). At that time, a defendant could be convicted of possessing a firearm while a fugitive from justice under §§ 922(g)(2) and 924(a)(2) without the government having proven that the defendant knew he was a fugitive. *United States v. Williams*, 946 F.3d 968, 970 (7th Cir. 2020) ("The Courts of Appeals had unanimously

6

concluded that 18 U.S.C. § 922(g) . . . required the government to prove a defendant knowingly possessed a firearm or ammunition, but not that he knew he belonged to one of the prohibited classes." (citing *United States v. Lane*, 267 F.3d 715, 720 (7th Cir. 2001))).

In 2019, however, the Supreme Court changed the statutory interpretation of § 922(g) previously relied on by the courts of appeals. In *Rehaif*, the Supreme Court considered "whether, in prosecutions under § 922(g) and § 924(a)(2), the Government must prove that a defendant knows of his status as a person barred from possessing a firearm." 139 S. Ct. at 2195. The Supreme Court answered in the affirmative: "We conclude that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200.

Because *Rehaif* changed the law applicable to the Defendant's case, the Court faces the question whether *Rehaif* applies retroactively to the Defendant's plea hearing. The Court addressed the lack of precedent on this question in its September 11, 2020 Opinion and Order:

> At this time, it does not appear that the Seventh Circuit has opined on whether *Rehaif* applies retroactively. *See, e.g., Geddes v. Marske*, No. 19-cv-608, 2020 WL 2801407, at *3 (W.D. Wis. May 29, 2020) ("There is also legitimate question as to whether *Rehaif* is retroactive. On one hand, the Court of Appeals for the Eleventh Circuit concluded that *Rehaif* is not retroactive, and post-conviction relief under 28 U.S.C. § 2255 is not available. On the other hand, no other court of appeals, including the Seventh Circuit, has reached any conclusion on this specific question, and respondent has suggested in another case in this district court that claims under *Rehaif* should be brought under § 2241.") (citations omitted).

ECF No. 75 at 8 n.2. There is still no consensus on whether *Rehaif* applies retroactively. *See Ramirez v. United States*, No. 2:15-CR-120, 2022 WL 16745058, at *1 (N.D. Ind. Nov. 7, 2022) ("The Seventh Circuit has not discussed the question whether *Rehaif* applies retroactively to cases on collateral review . . . ."). Despite the lack of consensus, the Court proceeds in this case

7

as if *Rehaif* applies retroactively because the Government concedes that it does. *See* ECF No. 129 at 12 ("Because *Rehaif* narrows the 'class of persons that the law punishes' under Section 922(g), it is retroactive on collateral review . . . ." (quoting *Welch v. United States*, 136 S. Ct. 1257, 1267 (2016))); *see also Santiago v. Streeval*, 36 F.4th 700, 706 (7th Cir. 2022) ("The government has conceded that Santiago meets the first two criteria of the saving clause: he relies on a new statutory case (*Rehaif*) that applies retroactively.");[2] *Moore v. United States*, No. 07-CR-137, 2020 WL 4785432, at *2 (W.D. Wis. Aug. 18, 2020) (holding that *Rehaif* applies retroactively on collateral review because the government conceded it narrowed the scope of a federal criminal statute).[3]

Having determined that *Rehaif* made the Defendant's knowledge of his fugitive status an essential element of the crime to which he pled guilty in 2001, the Court must consider whether the Defendant's conviction and sentence are unconstitutional because the indictment failed to allege the knowledge element and the Defendant did not know when he pled guilty that the government would have had to prove that element. The Defendant claims he is actually innocent and that his sentence violates his Fifth Amendment right not be tried without an indictment and his Sixth Amendment rights to notice and effective assistance of counsel. The Defendant argues that, had he been informed either by the indictment or by counsel that the Government had to prove he knew he was a fugitive from justice, he would have elected to proceed to trial instead of entering a guilty plea.

---

[2] The Court construes the Defendant's Motion to Take Judicial Notice [ECF No. 141] of *Santiago v. Streeval* as a motion to cite supplemental authority and grants the motion.
[3] The Court construes the Defendant's Motion to Take Judicial Notice [ECF No. 138] of *Moore v. United States* as a motion to cite supplemental authority and grants the motion.

A.      **Procedural Default**

A petitioner who did not raise an issue that might have been presented on direct appeal may overcome the "procedural default by showing cause for the default and actual prejudice or that 'failure to consider the defaulted claim will result in a fundamental miscarriage of justice.'" *Cross v. United States*, 892 F.3d 288, 295 (7th Cir. 2018) (citations omitted). Nowhere does the Government argue that the Defendant is procedurally barred from bringing his *Rehaif* claim, and, therefore, the argument is waived. *See Williams v. United States*, 879 F.3d 244, 248 (7th Cir. 2018) ("[P]rocedural default is an affirmative defense and can itself be waived." (citation omitted)); *United States v. Kenngott*, 840 F.2d 375, 379 (7th Cir. 1987) (permitting a defendant to raise an issue for the first time in a § 2255 proceeding without showing cause for and prejudice from his failure to raise the issue on direct appeal because the government did not raise the issue of "cause and prejudice" until oral argument and therefore waived it); *see also McGhee v. Dittmann*, 794 F.3d 761, 769 n.16 (7th Cir. 2015) ("The procedural default doctrine 'is an affirmative defense that the State is obligated to raise and preserve, and consequently one that it can waive.'" (quoting *Eichwedel v. Chandler*, 696 F.3d 660, 669 (7th Cir. 2012))).

However, had the Government argued that the Defendant's *Rehaif* claim was barred by procedural default, the Court nonetheless finds that the Defendant would likely have been able to show cause and prejudice to overcome the procedural default. *See Moore*, 2020 WL 4785432 at *2 ("A petitioner cannot bring a defaulted claim in a motion under § 2255 unless he shows both cause and prejudice for the default . . . ."). Cause for procedural default exists because the Supreme Court's decision in *Rehaif* "overtur[ned] a longstanding and widespread practice to which [the Supreme] Court [had] not spoken, but which a near-unanimous body of lower court authority [had] expressly approved," *Cross*, 892 F.3d at 295, namely, excluding as an element of

9

§ 922(g) that a defendant knew he was prohibited from possessing a firearm. *See Moore*, 2020 WL 4785432, at *2 ("Because the Supreme Court overturned the long-established interpretation of . . . § 922(g), petitioner's attorney had no reasonable basis on which to raise the knowledge-of-status issue before the district court or on appeal.").

Typically, to show prejudice, a defendant must prove he did not know he was prohibited from possessing a firearm to overcome the government's defense that his *Rehaif* claim is procedurally defaulted. *See, e.g.*, *Moore*, 2020 WL 4785432, at *2–3; *Ramirez*, 2022 WL 16745058, at *2; *United States v. McIntosh*, No. 2:17-CR-100, 2022 WL 16855305, at *2 (N.D. Ind. Nov. 10, 2022). Unlike the majority of unsuccessful defendants who challenge their § 922(g) convictions under *Rehaif*, many of whom are convicted felons-in-possession arguing they did not know their status as a felon, the Defendant can establish prejudice because he has offered sufficient evidence that he did not know he was a fugitive from justice. *See, e.g., Streeval*, 36 F.4th at 711 (concluding the defendant failed to offer sufficient evidence to show he did not know he was a felon); *Ramirez*, 2022 WL 16745058, at *2 (concluding the defendant could not overcome the procedural default on his *Rehaif* claim because he could not show he did not know of his illegal immigration status); *McIntosh*, 2022 WL 16855305 at *2 (concluding the defendant could not overcome the procedural default on his *Rehaif* claim because he did not argue that he did not know he was not a felon).

The Defendant has designated evidence to show he did not know he was a fugitive from justice, evidence that the Government has not objected to. This evidence includes that the Defendant believed his wife could and would drop the charges against him, that he left South Carolina in light of that belief and without the intent to avoid prosecution, that he was arrested and released multiple times without being held longer on the outstanding arrest warrant from

10

South Carolina, that he voluntarily interacted with and cooperated with the police, and that he told both the police and his attorney he did not know he was a fugitive from justice. The Defendant's actions, including his voluntary reporting to and cooperation with the police, are not indicative of an individual who knows he is a fugitive from justice. *Cf. United States v. Marshall*, 856 F.2d 896, 901 n.5 (7th Cir. 1988) (finding that a fugitive from justice disappeared after the commission of the crime, could not be reached by his family or co-conspirator, registered his phone under an alias, and had his disability checks sent to family members, which he picked up from his sister at a fast-food restaurant); *United States v. Hawpetoss*, No. 05-CR-4, 2005 WL 1489963, at *3 (E.D. Wis. June 23, 2005) (finding that the defendant fled to avoid prosecution from evidence that shortly after the crime, police unsuccessfully searched nearby woods, the defendant's presumed residence, and another location he was associated with, that attempts to find him through databases, relatives, and friends were also unsuccessful, and that the defendant was arrested in another state under an assumed name).

      The Government argues the Defendant knew he was a fugitive because, during his plea colloquy, the Defendant testified that he left South Carolina knowing he was supposed to return for his court date and that he knew he was a fugitive. The credibility of the Defendant's plea colloquy is undermined, however, by the evidence offered in his declaration that prior to his plea colloquy, he told his attorney that he did not know he was a fugitive from justice and his attorney responded that it did not matter that he did not know he was a fugitive from justice. Further, the Government's arguments do not account for the Defendant's belief, based on his wife's statements, that the charges against him would be dismissed based on his wife's decision not to pursue the charges. Notwithstanding the Government's arguments that the Defendant knew he was a fugitive, the Government has waived the procedural default defense.

B.     **Merits of the Defendant's § 2255 Motion**

Regarding the merits of the Defendant's § 2255 motion, the Defendant claims his indictment and plea are unconstitutional in light of *Rehaif*. The Court agrees.

The Defendant argues that because the superseding indictment did not charge him with knowing he was a fugitive from justice, it failed to inform him of the nature of the charges against him and is therefore constitutionally invalid. To be constitutionally valid, an indictment must "adequately state all of the elements of the crime charged," "inform the defendant of the nature of the charges," and "allow the defendant to plead the judgment as a bar to any future prosecution for the same offense." *United States v. Anderson*, 280 F.3d 1121, 1124 (7th Cir. 2002).

Count 2 of the superseding indictment alleges, in relevant part: "defendant herein, then being a fugitive from justice, did knowingly possess in or affecting commerce, a firearm, namely: One (1) Intratec, 9mm, model AB 10, handgun; All in violation of Title 18, United States Code, Sections 922(g)(2) and 924(a)(2)." ECF No. 129-9 at 2. Thus, the indictment alleges that the Defendant "knowingly" possessed a firearm but not that he "knowingly" was a fugitive from justice, the latter of which is required under *Rehaif*. *See Forler v. United States*, No. 1:20-CV-333, 2022 WL 226839, at *3 (S.D. Ind. Jan. 26, 2022) (finding an indictment defective in light of *Rehaif* because "[i]t charged Forler with (a) being a felon and *knowingly* possessing a firearm, rather than (b) *knowingly* being a felon and possessing a firearm"). The indictment's failure to include an essential element of the offense and inform the Defendant of the nature of the charges against him renders it constitutionally invalid. The Government admits that the indictment is defective for failing to allege the knowledge element

12

but argues the defect does not undermine the Defendant's conviction because of, in part, the Defendant's plea.

The Defendant's plea, however, does not pass constitutional muster either. The Defendant's plea was based on the Defendant's knowledge of what the Government must prove under § 922(g) at that time. "A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" *Bousley v. United States*, 523 U.S. 614, 618 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). The Supreme Court has "long held that a plea does not qualify as intelligent unless a criminal defendant first receives 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" *Id.* (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)).

Here, neither the parties nor the Court knew the Defendant was being charged with knowing that he was a fugitive from justice. It is evident they believed otherwise. *See Williams*, 946 F.3d at 970 ("The Courts of Appeals had unanimously concluded that 18 U.S.C. § 922(g) . . . required the government to prove a defendant knowingly possessed a firearm or ammunition, but not that he knew he belonged to one of the prohibited classes." (citation omitted)). The Defendant's plea was therefore not intelligent and was in violation of the Fifth Amendment. *See Brady*, 397 U.S. at 748 (explaining that a defendant making a plea "stands as a witness against himself and . . . is shielded by the Fifth Amendment from being compelled to do so," and that any waiver of a constitutional right "must be voluntary" and "intelligent"); *see also Moore*, 2020 WL 4785432, at *5 (concluding that the defendant's plea was constitutionally invalid because "there is no dispute that petitioner, defense counsel, the government and the court did not correctly understand the elements of a § 922(g)(1) conviction as the Supreme Court has determined them to be"). Accordingly, the Court grants the Defendant's § 2255 motion to vacate

his underlying conviction and sentence because, in light of *Rehaif*, the Defendant's guilty plea was not intelligent as required by the Fifth Amendment.[4]

## OTHER PENDING MOTIONS

The Defendant has filed a series of other motions related to and in support of his § 2255 motion. First, the Defendant filed various motions to introduce evidence. *See* ECF Nos. 62,[5] 68, 108,[6] 111, 114, 115, 125, 130. Additionally, the Defendant has filed motions to take judicial notice of certain facts he contends are related to the instant litigation process. *See* ECF Nos. 117, 124, 137. Having ruled on the Defendant's § 2255 motion with the evidence already in the record, the Court denies the Defendant's evidentiary requests and remaining requests to take judicial notice as moot.

---

[4] By vacating the Defendant's conviction, the Court also vacates the Defendant's guilty plea. *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969) ("A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction . . . ."); *Brady*, 397 U.S. at 748 ("[T]he plea is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered . . . ."); *United States v. Toney*, No. 2:13-CR-54, 2020 WL 1951651, at *3 (N.D. Ind. Apr. 23, 2020) ("[T]he only way to vacate the conviction is to vacate the guilty pleas because, as *Boykin* instructs, the pleas are themselves the convictions."); *United States v. Johnson*, 420 F. Supp. 3d 462, 469 (E.D. Va. 2019) ("[U]pon granting Defendant's § 2255 Motion and vacating his convictions on Counts Seven and Nine, which are the only counts he pled guilty to and was convicted of by this Court, the Court has effectively vacated the Defendant's guilty plea.").

[5] In his Motion for Discovery (Rule 6(A)) in Order to Fully Develop Coram Nobis Claims [ECF No. 62], the Defendant "requests discovery or an attorney who would be able to do so," in part to procure records from the Chili's on 159th Street in Calumet City. The Defendant alleges those records would show he worked there at the time of his arrest in South Carolina. The Defendant has since been appointed an attorney, *see* ECF No. 78, the Defendant's attorney has withdrawn his representation, *see* ECF Nos. 119, 127, and the Defendant has not submitted evidence of any employment records from Chili's.

The Defendant also requested new counsel because his counsel "refuses to conduct discovery." ECF No. 108 at 1. The Court took that request under advisement in its May 21, 2021 Opinion and Order. *See* ECF No. 127.

[6] ECF No. 108 is the Defendant's Motion for Replacement (Standby) Counsel or in the Alternative Permission to Proceed Pro-Se Pursuant to the 6th Amendment. The Court denies it as moot along with the Defendant's discovery-related motions consistent with the Court's May 21, 2021 Opinion and Order. ECF No. 127 at 2–3.

The Defendant filed an Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 63]. The Defendant has not opened a new civil case nor filed an appeal that would require him to pay a fee. The Court therefore denies the Defendant's application as moot.

The Defendant also filed a Second Addendum to Motion to Recuse Chief Judge Springmann [ECF No. 76]. In it, he states that "[i]f ruling has been made" on his initial motion to recuse [ECF No. 73], "this should act as a motion for reconsideration." ECF No. 76 at 1. The Defendant claims that "bias is prevalent where Judge refuses to answer discovery inquiries," "Recusal is paramount where Judge allows deadlines to elapse," and that "the 7 month delay [is] unreasonable and shows an appearance of bias." *Id.* at 1–2. The Defendant has not put forth any arguments beyond those advanced in his initial motion to recuse, which the Court denied in its September 11, 2020 Opinion and Order [ECF No. 75]. In that Opinion, the Court explained that "the Defendant supports his argument only by arguing that the Court has violated his constitutional rights by failing to promptly examine his § 2255 motion." ECF No. 75 at 11. The Court recognized that "a judge's 'ordinary efforts at courtroom administration' or docket management are 'immune' from claims of bias or partiality," *id.* (citing *United States v. Perez*, 956 F.3d 970, 976 (7th Cir. 2020)), and found that the Court has not failed to promptly examine the Defendant's § 2255 motion and there is no evidence the Defendant has been prejudiced by the Court's management of this case, *id.* at 11–13. In light of the Court's prior ruling and the Defendant's failure to provide new argument on the issue, the Court denies the Defendant's second motion to recuse.

In the Defendant's Motion to Supplement 2255 Pursuant to Fed. R. Civ. Pro. 15(d) and 2255(F)(4) [ECF No. 112], the Defendant seeks to supplement his § 2255 motion with a "claim based on newly discovered evidence." ECF No. 112 at 1. The motion, however, asserts that there

is no arrest warrant on record in this case, the complaint in this case is based on false testimony, the Defendant's counsel failed to investigate the existence of a valid warrant, and that his counsel failed to inform him that a grand jury would rely on the complaint. The complaint in this case has been on record since April 5, 2000, ECF No. 1, and the Defendant has had since then to assert claims based on that complaint and the arrest warrant referenced in paragraph eight of the complaint. Accordingly, the Defendant's request to add claims based on newly discovered evidence is denied.

In the Defendant's Motion to Amend 2255 Claim Filed Under 2255(F)(4) with Affidavit in Support of Motion [ECF No. 116], the Defendant seeks to amend his § 2255 motion based on "Developments in facts" and "new evidence." ECF No. 116 at 1. Specifically, he asserts that the "Discovery" he received from the Government "contained almost nothing," and that it is missing "the alleged 9/26/95 warrant among other things." *Id.* at 2. The Defendant does not identify what "other things" he sought from the Government, and the Government later attached the referenced warrant along with its response to the Defendant's § 2255 motion, *see* ECF No. 129-2. The Defendant also alleges that the Government's "Discovery . . . also contained malicious falsehoods," and that if he had known of this material, he would not have negotiated a plea. ECF No. 116 at 2. The Defendant does not identify what falsehoods he is referring to, nor how they would alter his § 2255 motion. For those reasons, and in light of the Court's instant ruling on the Defendant's § 2255 motion, the Court denies the Defendant's motion to amend.

The Defendant also filed a Motion to Clarify Objections of Petitioner's [ECF No. 110], in which he makes four objections. First, he objects to the extension granted the Government to file its response to the Defendant's § 2255 motion. The Government has already filed its response. ECF No. 129. Second, the Defendant objects to representation other than standby counsel. The

Defendant's counsel has since withdrawn his representation, *see* ECF Nos. 119, 127, and the Defendant is proceeding pro se. Third, the Defendant objects to removal of any parts of the record and references as an example his pro se motion filed on October 2, 2020 [ECF No. 85], which the Court struck on October 13, 2020 [ECF No. 86]. The Court struck the Defendant's filing because "Defendant [was] represented by counsel." ECF No. 86; *United States v. Khatib*, 606 Fed. App'x 845, 847 (7th Cir. 2015) ("[A] defendant who is represented by counsel relinquishes the right to file his own *pro se* submissions." (citing *United States v. Williams*, 495 F.3d 810, 813 (7th Cir. 2007))). Fourth, the Defendant objects to the "contention his 841 and 924(c) convictions would be unaffected upon resentencing [in the] instant case." ECF No. 110 at 3. In the Court's September 11, 2020 Opinion and Order, the Court stated,

> Although the best-case scenario would result in a reduction to the Defendant's sentence, a significant portion of his sentence would remain because the bulk of the Defendant's sentence comes from convictions under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1), which were unaffected by the Supreme Court's decision in *Rehaif*. Based on this, the Court concludes that the Defendant's contention that he is eligible for immediate release is incorrect and that he has not been prejudiced by the Court's operations.

ECF No. 75 at 15. In a separate case, this Court sentenced the Defendant to 613 months imprisonment, based in part on his violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1). *See* Case No. 3:03-CR-22; ECF No. 108 at 1–2; ECF No. 110 at 3. Neither § 841 nor § 924(c) were interpreted in *Rehaif*, which interpreted § 922(g) and § 924(a)(2), nor is the language of these sections similar such that *Rehaif*'s reasoning would apply to either. Further, the Defendant's sentencing in the instant case affected his criminal history category in case No. 3:03-CR-22, not the statutory sentencing ranges provided for § 841(a)(1) and § 924(c)(1). Accordingly, the Court denies the Defendant's motion to clarify objections.

The Defendant also filed a Motion for Reconsideration and Objection to Granting of Unwarranted and Premature (Optional) 'Sur-Reply' in the Government's Favor and in Violation

17

of Procedural Due Process [ECF No. 113]. In his motion, the Defendant requests that the Court reconsider its order granting the Government leave to file a sur-reply and grant the Defendant leave to reply to any sur-reply. The deadline for the Government to file a sur-reply to the Defendant's reply has passed, and the Government has not filed a sur-reply. Therefore, the Defendant's motion is denied as moot.

In his Motion for Judgment Based on Fraud Perpetuated by AUSA Benson [ECF No. 135], the Defendant requests the Court terminate the case and sanction attorney Benson because attorney Benson represented that he mailed the Government's response to the Defendant on June 2, 2021, *see* ECF No. 131 at 2, but the postmark on the mail the Defendant received is dated June 10, 2021, *see* ECF No. 135 at 8–10. The Defendant argues that "the fraud here was designed to influence the court in its decision concerning [the Defendant's] 'motion to compel' which in turn was designed to . . . prevent the court from adjudicating the 2255 with [the Defendant's] reply." ECF No. 135 at 2. Contrary to the Defendant's allegations, the Defendant filed his reply, *see* ECF No. 134, the Court adjudicated the Defendant's § 2255 motion, and the Court denied the Defendant's motion to compel [ECF No. 130] as moot. To support his argument that his case should be terminated, the Defendant cites *Sloan v. Lesza*, 181 F.3d 857 (7th Cir. 1999). *Sloan*, however, does not address sanctions or fraud. It instead holds that "[a]n effort to bamboozle the court by seeking permission to proceed *in forma pauperis* after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit." 181 F.3d at 859. The Defendant has not shown that the alleged fraud prejudiced his position nor that the case should be terminated. The Court therefore denies the Defendant's request for judgment based on fraud.

18

The Defendant's Motion for Summary Judgment, Under 12(b)(1), (2), (4), (5) of Rules Governing 2255, and Rule 46 of Fed. R. Civ. P. [ECF No. 136], in which the Defendant moves for summary judgment based on allegations that the arrest warrants from his September 26, 1995 conviction are invalid, is denied as moot in light of the Court's instant ruling on his § 2255 motion.

**CONCLUSION**

For the reasons stated above, the Court hereby GRANTS the Defendant's Motion to Vacate brought under 28 U.S.C. § 2255 [ECF No. 59] and VACATES the Defendant's plea and conviction [ECF No. 38] for violation of 18 U.S.C. §§ 922(g)(2) and 924(a)(2).

Regarding the other pending motions, the Court

- GRANTS the Defendant's Motion to Take Judicial Notice [ECF No. 138]; and Defendant's Motion to Take Judicial Notice [ECF No. 141];

- DENIES as moot the Defendant's Motion for Discovery (Rule 6(A)) in Order to Fully Develop Coram Nobis Claims [ECF No. 62]; Application to Proceed In District Court Without Prepaying Fees or Costs [ECF No. 63]; Rule 7 Motion Requesting Expansion of Record [ECF No. 68]; Motion for Replacement (Standby) Counsel or In the Alternative Permission to Proceed Pro-Se Pursuant to the 6th Amendment [ECF No. 108]; Motion for Leave to Propound Interrogatories [ECF No. 111]; Motion for Reconsideration and Objection to Granting of Unwarranted and Premature (Optional) 'Sur-Reply' In the Government's Favor and In Violation of Procedural Due Process [ECF No. 113]; Motion to Compel Production of Grand Jury Minutes In Initial and Superseding Proceedings [ECF No. 114]; Motion to Compel Defense Counsel to Surrender the Case File In the Above Styled Action to the Defendant of This Case [ECF No. 115]; motions to take

judicial notice [ECF Nos. 117, 124, 137]; Motion to Produce Transcript of ECF 34 [ECF No. 125]; Motion to Compel the Government to Surrender Copy of 'Change of Plea Hearing' Transcript and Response to Petitioner's 2255 [ECF No. 130]; and Motion for Summary Judgment, Under 12(b)(1), (2), (4), (5) of Rules Governing 2255, and Rule 56 of Fed. R. Civ. P. [ECF No. 136]; and

- DENIES the Defendant's Second Addendum to Motion to Recuse Chief Judge Springmann [ECF No. 76]; Motion to Clarify Objections of Petitioner's [ECF No. 110]; Motion to Supplement 2255 Pursuant to Fed. R. Civ. Pro. 15(d) and 2255(F)(4) [ECF No. 112]; Motion to Amend 2255 Claim Filed Under 2255(F)(4) with Affidavit in Support of Motion [ECF No. 116]; and Motion for Judgment Based on Fraud on the Court Perpetrated by AUSA Benson [ECF No. 135].

This criminal matter will be set for set for a status conference by separate order.

SO ORDERED on April 12, 2023.

 s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT